SAMUEL F. GIBSON *vs.* ROXANNA BENNETT.

Oxford.    Opinion March 10, 1887.

*Marriage, a consideration for a deed.    Fraud.*

Marriage is a good and valuable consideration for a conveyance of land.

The grantee under such a conveyance is not affected by any fraudulent intent of the grantor, of which she was ignorant.

A levying creditor of the husband must in such case show the grantee's notice.

ON motion to set aside the verdict.

Real action to recover one hundred and fifty acres of land in Bethel. The opinion states the facts.

*S. F. Gibson*, for plaintiff.

A valuable consideration "is either money or something that is money's worth." 2 Washburn on Real Prop. 103 (2d ed.); also see 4 Kent's Com. 518 (8th ed.).

The date of the deed is not intended to express the hour and minute when executed, but rather the time of its delivery. 33 Maine, 67. The actual time of delivery may be proved by parol. 33 Maine, 446; 58 Maine, 543; 18 Maine, 190; 63 Maine, 245; 56 Maine, 45. What is a delivery of a deed? 30 Maine, 110; 66 Maine, 316. The record is not conclusive. 67 Maine, 559. The record cannot supersede the necessity of proof of delivery. 67 Maine, 559, *supra*. If the delivery be conditional, so as not to constitute a present obligation, it is an escrow and no title thereby passes to the grantee. 22 Maine, 569; 65 Maine, 273.

Where a deed, though containing the name of the person who paid the consideration and with whom covenants were made, did not express the name of any grantee, nothing passed by the deed. 7 Maine, 455.

The plaintiff was a prior creditor. 61 Maine, 13; 60 Maine, 208, and 524; 53 Maine, 53; 56 Maine, 158; 18 Maine, 249; 19 Maine, 358; 5 Maine, 172; 2 Maine, 121; 61 Maine, 425; 12 Maine, 418; Smith's Leading Cases, 439, &c.; 68 Maine, 232; 71 Maine, 501; 70 Maine, 56; 72 Maine, 173.

If he had other property wherewith to satisfy plaintiff's claim, he, plaintiff, had the right to elect which to take. 65 Maine, 439; 57 Maine, 558; 62 Maine, 268.

*R. A. Frye and A. E. Herrick*, for the defendant, cited upon the question of fraud: *Rollins* v. *Mooers*, 25 Maine, 192; *Webster* v. *Withey*, 25 Maine, 326; *Hall* v. *Sands*, 52 Maine, 355; *Stevens* v. *Robinson*, 72 Maine, 381; *Chandler* v. *Von Roeder*, 24 How. 224; *French* v. *Holmes*, 67 Maine, 189; *Randall* v. *Vroom*, 30 N. J. Eq. 353; *Brown* v. *Lunt*, 37 Maine, 435; *Jordan* v. *Dobson*, 2 Abb. U. S. 398; *Thompson*

v. *Wharton*, 7 Bush. 563; *Klein* v. *Horin*, 47 Ill. 430; *Beatty* v. *Fishel*, 100 Mass. 448; *Ewing* v. *Gray*, 12 Ind. 64; 2 Add. Contr. 768, note 1; *Downing* v. *Freeman*, 13 Maine, 90; Best, Ev. § 24.

Marriage is a good consideration. *Derry* v. *Derry*, 74 Ind. 560; *Magniac* v. *Thompson*, 7 Pet. 348; 4 Kent's Com. 463; 1 Add. Cont. 15, note 1; *Vance* v. *Vance*, 21 Maine, 376; *Stevens* v. *Moore*, 73 Maine, 564; *Anderson* v. *Green*, J. J. Marsh, 448; *Waters* v. *Howard*, 8 Gill. 222; *Whelan* v. *Whelan*, 3 Cow. 537; *Wood* v. *Jackson*, 8 Wend. 9; *Garvin* v. *Cromartie*, 11 Ind. 174; *Chichester* v. *Vass*, 1 Mumf. 98; *Rainbolt* v. *East*, 56 Ind. 538; *McCole* v. *Loehr*, 9 C. L. J. 436; *Verplank* v. *Sterry*, 12 Johns. 536; *Smith* v. *Allen*, 5 Allen, 454; *Herring* v. *Wickham*, 29 Gratt. 628; *Prewit* v. *Wilson*, 103 U. S. 22; *Kevan* v. *Crawford*, 6 Ch. D. 29.

EMERY, J. The tenant was a witness and told substantially the following story: While she was a widow, Mr. Bennett proposed marriage to her, and offered to give her in consideration for such marriage, a deed of the demanded land. After some reflection, she accepted the offer and promised marriage to Mr. Bennett, as proposed by him. Thereupon, Mr. Bennett delivered to her the deed under which she now claims. Soon afterward she married him in pursuance of the agreement and to fulfill it on her part. She was not aware that Mr. Bennett was in debt at the time of the deed, or of the marriage. She was not aware that the deed would hinder or delay any creditor of Mr. Bennett.

It is clear that upon such a state of facts, no creditor of the husband can take the land by a subsequent attachment and levy. Marriage is a valuable consideration for a deed, and if the marriage afterward take place, the deed is valid so far as consideration is concerned. Any fraud intended by the grantor upon his creditors would not avoid the deed, if the grantee was innocent. Wait on Fr. Con. 199, 212; *Verplank* v. *Sterry*, 12 Johns. 536; *Prewit* v. *Wilson*, 103 U. S. 22; *Smith* v. *Allen*, 5 Allen, 454; *Vance* v. *Vance*, 21 Maine, 370; *Wentworth* v. *Wentworth*, 69 Maine, 253.

Mrs. Bennett's story is contradicted by her husband. They had separated and there was much feeling. The truth of either story was for the jury to ascertain and declare. It has declared the wife's story to be the true one. We think we should leave the case upon the jury's finding of the truth.

*Motion overruled. Judgment on the verdict.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.